# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

### NO. 03-11-00220-CR

**Michael Anthony Cardiel, Appellant**

**v.**

**The State of Texas, Appellee**

### FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT
### NO. 63863, HONORABLE MARTHA J. TRUDO, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

In 2009, appellant Michael Anthony Cardiel pled nolo contendere to robbery under a plea agreement and was placed on deferred adjudication for five years. In 2011, the State filed a motion to adjudicate Cardiel's guilt, alleging numerous violations of his deferred-adjudication conditions, including possession of a handgun and marihuana, failure to report to his community supervision officer or complete his community-service hours, and failure to pay his fines and court costs.[1] Cardiel pled "not true" to the allegations, and following a hearing at which several police officers and Cardiel's

---

[1] The gun and marihuana were found in Cardiel's car during an inventory search after the police stopped Cardiel based on a report that the car was stolen. It appears from the record that the car was not stolen after all, and it is unclear how the car came to be reported stolen, but officers who were involved in the stop testified that they had information that the car was stolen when they made the stop, and the fact that the report was apparently mistaken does not render the stop or Cardiel's arrest invalid. *See Brown v. State*, 986 S.W.2d 50, 53 (Tex. App.—Dallas 1999, no pet.) ("it is well established an arrest is not invalid merely because an officer relies on reasonably trustworthy information which later proves to be erroneous").

community supervision officer testified, the trial court found the allegations to be true, adjudicated his guilt, and sentenced him to six years imprisonment. Cardiel's appointed attorney has filed a brief concluding that the appeal is frivolous and without merit.

Counsel's brief meets the requirements of *Anders v. California*, 386 U.S. 738, 743-44 (1967), by presenting a professional evaluation of the record and demonstrating that there are no arguable grounds to be advanced. *See Penson v. Ohio*, 488 U.S. 75, 80 (1988); *Anders*, 386 U.S. at 743-44; *High v. State*, 573 S.W.2d 807, 811-13 (Tex. Crim. App. 1978); *Currie v. State*, 516 S.W.2d 684, 684 (Tex. Crim. App. 1974); *Gainous v. State*, 436 S.W.2d 137, 138 (Tex. Crim. App. 1969). Cardiel's attorney sent appellant a copy of the brief and advised him that he had the right to examine the record and file a pro se brief. *See Anders*, 386 U.S. at 744; *Jackson v. State*, 485 S.W.2d 553, 553 (Tex. Crim. App. 1972). No pro se brief has been filed.

Having reviewed the evidence presented at the adjudication hearing and the procedures that were observed at the hearing and the earlier plea proceeding, we find nothing in the record that might arguably support the appeal. We agree with counsel that the appeal is frivolous and without merit. We grant counsel's motion to withdraw and affirm the judgment of conviction.[2]

---

[2] No substitute counsel will be appointed. Should Cardiel wish to seek further review of his case by the court of criminal appeals, he must either retain an attorney to file a petition for discretionary review or file a pro se petition for discretionary review. *See generally* Tex. R. App. P. 68-79 (governing proceedings in court of criminal appeals). A petition for discretionary review must be filed within thirty days from the date of this opinion or the date this Court overrules the last timely motion for rehearing. *See* Tex. R. App. P. 68.2. The petition must be filed with this Court, after which it will be forwarded to the court of criminal appeals along with the rest of the filings in the cause. *See* Tex. R. App. P. 68.3, 68.7. Any petition for discretionary review should comply with rules 68.4 and 68.5 of the rules of appellate procedure. *See* Tex. R. App. P. 68.4, 68.5.

_____

David Puryear, Justice

Before Justices Puryear, Rose and Goodwin

Affirmed

Filed:   June 7, 2012

Do Not Publish